FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 4 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| WAYNE MATTHEWS, INMATE NO. 539243,  Plaintiff, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:07-CV-1801-CC |
| JAMES DONALD and JOHN DOE,  Defendants. | |

## ORDER AND OPINION

Plaintiff has filed the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

AO 72A
(Rev.8/82)

may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific

2

misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.   Discussion

Plaintiff, currently confined at the Hancock State Prison in Sparta, Georgia, alleges that in 2004, Defendant Donald, Commissioner of the Georgia Department of Corrections, and Defendant Doe, President of American Amenities, Inc., entered into a contract to distribute Spring Fresh toothpaste to Georgia prisoners. (Doc. 1, attached supplemental complaint at 1). Plaintiff asserts that Defendants entered into the contract without having Spring Fresh toothpaste inspected by the Food and Drug Administration ("FDA"). (Id. at 2).

By way of background, this Court takes judicial notice of the Food and Drug Administration's June 1, 2007, press release which states:

> The U.S. Food and Drug Administration (FDA) today warned consumers to avoid using tubes of toothpaste labeled as made in China, and issued an import alert to prevent toothpaste containing the poisonous chemical diethylene glycol (DEG) from entering the United States.
>
> DEG is used in antifreeze and as a solvent.
>
> . . .

3

> FDA is not aware of any U.S. reports of poisonings from toothpaste containing DEG. However, the agency is concerned about potential risks from chronic exposure to DEG and exposure to DEG in certain populations, such as children and individuals with kidney or liver disease. DEG in toothpaste has a low but meaningful risk of toxicity and injury to these populations. Toothpaste is not intended to be swallowed, but FDA is concerned about unintentional swallowing or ingestion of toothpaste containing DEG.

www.fda.gov at "press releases," "FDA Advises Consumers to Avoid Toothpaste From China Containing Harmful Chemical."

Plaintiff states that it in June of 2007, prison officials confiscated the toothpaste and declared it contraband, because the toothpaste contained traces of a toxic poison. (Doc. 1, attached supplemental complaint at 2-3). Plaintiff states that he sought medical attention to determine whether he had suffered any toxic poisoning. (Id. at 4).

Plaintiff alleges that he suffers from white sores on the inside of his mouth, headaches, nausea, blurred vision, and other, unspecified bodily pain. (Id. at 4-5). Plaintiff also alleges that he suffers from psychological injuries as a result of living in fear of being poisoned. (Id. at 5).

Plaintiff alleges that Defendants reasonably should have known that the toothpaste posed a serious risk to his health. (Id. at 2). Plaintiff claims that acts

4

of Defendants violated his right to due process, equal protection, and protection from cruel and unusual punishment. (Id. at 5-6). Plaintiff seeks unspecified declaratory and injunctive relief, as well as money damages, as a result of being exposed to DEG during his sixteen (16) months in prison. (Doc. 1 at ¶ V).

Despite Plaintiff's brief and conclusory reference to the Due Process Clause and the Equal Protection Clause, it is apparent that he is alleging that he suffered cruel and unusual punishment due to the deliberate indifference of Defendants. The Cruel and Unusual Punishment Clause of the Eighth Amendment is violated when prison officials act with "deliberate indifference" with regard to a prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 828 (1994). A prison official violates this standard when two conditions are met. First, the alleged deprivation must, viewed objectively, be considered sufficiently serious. Id. at 834. Second, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff has only alleged, in a conclusory fashion, that Defendants should have known that the toothpaste contained DEG prior to the FDA announcement. However, as noted above, Plaintiff must allege facts which, if proven, demonstrate

5

that prison officials were actually aware of a substantial risk of harm to inmates and then failed to act. This Court also notes that, according to Plaintiff, when the FDA announced that the toothpaste contained DEG, prison officials acted quickly to remove the toothpaste from the prison. Far from deliberate indifference, Plaintiff's alleged facts indicate that Defendant Donald and other prison officials took appropriate action to protect Plaintiff and the other inmates. Consequently, this Court finds that the instant action should be dismissed as frivolous.

III. Conclusion

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, the instant 42 U.S.C. § 1983 civil rights action [Doc. 1] is **DISMISSED**. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 4th day of September, 2007.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE